VISAGE *vs.* SCHOFIELD, receiver.

Where the receiver of the court had been in possession of the lands in dispute between parties for two or three years, and had rented the same to the husband of plaintiff in error, who was in possession with her husband, and claimed to retain possession on the ground that the right of possession was in her, and also alleged that she had no notice of the rule to dispossess her, and where it was necessary to act at once in order to rent the land, and the court ordered the sheriff to put the receiver in possession, unless in ten days she showed the court some reason in law or equity why she should not be dispossessed, and unless the court should thereupon countermand the order,

to dispossess her and to restore possession to the receiver, her counsel being present in court;

*Held,* that the order was right.

Receivers. Practice in the Superior Court. Husband and wife. Before Judge GRICE. Bibb Superior Court. October Adjourned Term, 1877.

This case is connected with the case of *Visage vs. Schofield* decided just before it. That Visage is the husband of this plaintiff in error. After an order to him to deliver possession of the land to the receiver, the latter, by his new tenant, demanded possession ; the wife refused to deliver possession on the ground that she, not her husband, had the right to hold it. On application by the receiver, the court granted an order the substance of which is set out in the head-note. She thereupon excepted.

LOFTON & BARTLETT, for plaintiff in error, cited. 57 *Ga.,* 24 ; 47 *Ib.,* 366 ; 2 Dan. Ch. Pr., 1432 and notes ; 2 DeG. & Sm., 208 ; U. S. Dig., 1874, vol. 5, p. 203 ; *Ib.,* 1873, vol. 4, p. 166 ; 36 Ind., 196.

LANIER & ANDERSON, for defendant.

JACKSON, Judge.

This seems to have been a branch of the preceding case, which was against the husband. Mrs. Visage claimed possession of the land after her husband's term expired. She seems to have been in with him as his wife, but it is insisted that she should have been served with rule to show cause. The presiding judge certifies that if he had delayed the case, the receiver of the court could not have rented the land for want of time ; her counsel, too, were present in court and heard in argument. So he passed an order that she be dispossessed unless in ten days she showed to the court some reason in law or equity why she should not be dispossessed.

The order seems to us proper and right. The two cases were argued together, and are in reality but one.

Judgment affirmed.